THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GAMALIEL FERNANDEZ TOLAYO<br>Petitioner,<br>v.<br>JASON KNIGHT, et al.,<br>Respondents. | **MEMORANDUM DECISION AND ORDER**<br>Case No. 1:26-cv-00147-RJS<br>District Judge Robert J. Shelby |

Before the court is Gamaliel Fernandez Tolayo's Petition for Writ of Habeas Corpus.[1] For the reasons set forth below, the court DENIES the Petition.

## BACKGROUND[2]

### A. Petitioner Fernandez

Fernandez is a citizen of Mexico.[3] In 2018, Fernandez entered the United States without inspection and has remained in the country since.[4] Fernandez has not previously been detained by U.S. Immigration and Customs Enforcement (ICE).[5] At the time he was detained, Fernandez had been residing in Salt Lake City, Utah for the last six years.[6]

On September 17, 2026, ICE officers stopped a vehicle in which Fernandez was a

[1] Dkt. 1, *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] The following facts are drawn from the Petition; Dkt. 11, *Response to Order to Show Cause* (*Response*); and Dkt. 14, *Reply to Order to Show Cause* (*Reply*).

[3] *Petition* ¶ 36.

[4] *Id.* ¶¶ 3–4.

[5] *Id.* ¶ 4.

[6] *Id.* ¶ 6.

passenger.[7] While ICE was interviewing Fernandez, he unsuccessfully attempted to flee the officers on foot.[8] ICE subsequently arrested Fernandez without a warrant, finding it likely Fernandez would escape before a warrant could be issued.[9] A warrant was issued later that day.[10] Based on the interview and Fernandez's attempt to abscond, the arresting officer determined Fernandez was a flight risk who was unfit for release.[11]

Upon Fernandez's detention, ICE provided him a form I-286, Notice of Custody Determination, which gave him the option to request or decline a custody redetermination before an immigration judge.[12] An ICE officer read the form to Fernandez in Spanish.[13] Fernandez did not make a custody redetermination election and refused to sign the document altogether.[14] Since then, neither Fernandez nor his attorney have submitted a bond hearing request to the Executive Office of Immigration Review (EOIR).[15]

On September 21, 2026, Fernandez filed the instant Petition and Emergency Motion to Stay Transfer.[16] On September 28, 2026, the court granted in part the Emergency Motion and ordered Respondents to show cause why the Petition should not be granted.[17] On October 5,

---

[7] *Id.* ¶ 7; *see also* Dkt. 11-1, *Record of Deportable/Inadmissible Alien* at 2.

[8] *Response* at 2: *Record of Deportable/Inadmissible Alien* at 2.

[9] *Response* at 2.

[10] *Id.*; see also Dkt. 11-2, *Warrant for Arrest of Alien*.

[11] *Response* at 2.

[12] *Id.* at 1–3; *see also* Dkt. 11-3, *Notice of Custody Determination*.

[13] *Response* at 3.

[14] *Response* at 3; *Notice of Custody Determination*.

[15] *Response* at 3; *see also Reply* at 2 (stating "Fernandez's family has retained an immigration attorney who *will* request a bond hearing) (emphasis added).

[16] *Petition*; Dkt. 3, *Emergency Motion to Stay Transfer During Pendency of Petition*.

[17] Dkt. 7, *Order to Show Cause*.

2026, Respondents filed their Response.[18] Fernandez filed a reply the following day.[19]

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[20] The court may issue a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws . . . of the United States."[21] Fernandez bears the burden of establishing his detention is unlawful.[22]

## ANALYSIS

Fernandez challenges his detention under the Immigration and Nationality Act (INA) and the Fifth Amendment Due Process Clause.[23] For the reasons discussed below, the court concludes neither claim merits relief.

### I. INA

Because Fernandez was detained in the interior of the United States years after his arrival to the country, his detention is governed by 8 U.S.C. § 1226.[24] Under the Section, immigration enforcement authorities may arrest and detain a noncitizen pending a removal decision "[o]n a warrant issued by the Attorney General."[25] "[Section] 1226 permits immigration officials to

---

[18] *Response*.

[19] *Reply*.

[20] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

[21] 28 U.S.C. § 2241(c)(3).

[22] *See Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[23] *Petition* at 9–14.

[24] *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026) (holding noncitizens arrested in the interior of the country may be detained pursuant to 8 U.S.C. § 1226, while mandatory detention under 8 U.S.C. § 1225 "is restricted to the border").

[25] 8 U.S.C. § 1226(a). The INA refers to noncitizens as "aliens." *See, e.g.*, *id.* § 1101(a). The term "alien" and "noncitizen" may be used interchangeably. *Compare Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (using "aliens"), *with Thuraissigiam*, 591 U.S. at 158 (Sotomayor, J. dissenting) (using "noncitizens"). Accordingly, the court uses both terms throughout this Order.

release the alien on bond subject to some exceptions."[26] A noncitizen may submit an application for an initial bond redetermination before an immigration judge.[27]

Fernandez contends his detention violates the INA on two grounds: (1) "a judicial warrant for Petitioner's arrest was not issued before he entered ICE custody"; and (2) "to the extent ICE performed an individualized assessment, ICE did not give him the chance to rebut their assessment—before they took him into custody."[28] The court concludes neither argument is meritorious.

First, the arresting-officer was authorized to conduct a warrantless arrest considering the circumstances presented. Under 8 U.S.C. § 1357, an ICE officer "shall have the power without warrant . . . to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained."[29] Here, Fernandez does not challenge whether the officer had reason to believe Fernandez was in the United States in violation of the law.[30] Fernandez attempted to flee the ICE officer while being interviewed.[31] A warrant for Fernandez's arrest was issued shortly thereafter.[32] Accordingly, Fernandez's arrest did not violate the INA for lack of a warrant.

Second, Fernandez's argument that ICE was required to provide him—prior to arrest—

---

[26] *Santillan Quiroz*, 180 F.4th at 1234 (quoting 8 U.S.C. § 1226(a)(2)(A)) (citation modified); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

[27] *See* 8 C.F.R. § 1003.19(b).

[28] *Petition* at 11.

[29] 8 U.S.C. § 1357(a)(2).

[30] In his *Reply*, Fernandez alludes to possible Fourth Amendment violations in the initial traffic stop. *Reply* at 3. However, he provides no meaningful legal analysis on this issue, nor does he contend the warrantless arrest violated § 1357's requirements. *See id.* Accordingly, the court presumes this requirement was met.

[31] *Response* at 2.

[32] *Id.*

the opportunity to "demonstrate[e] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding" is unavailing. [33] ICE did offer Fernandez the opportunity to demonstrate he was not a flight risk by providing him with an initial interview before arresting him..[34] Further, Fernandez has since been offered the opportunity to demonstrate he is not a flight risk at a bond redetermination before an immigration judge—an opportunity he has yet to request.[35] The court therefore concludes his detention does not violation the INA on this ground either.

## II. Due Process

The court next turns to Fernandez's claim his detention violates the Fifth Amendment Due Process Clause. Fernandez first asserts, "He was not even notified of his right to a bond hearing or given the opportunity to request one. This violated due process."[36] This assertion is contradicted by the facts. Upon his detention, Fernandez was provided plain notice of his right to a bond redetermination hearing and a clear opportunity to request one via a Notice of Custody Determination Form—read to him in Spanish—which clearly stated, "You may request a review of this custody determination by an immigration judge."[37] Fernandez argues his "refusal to sign a form is not the same as declining a bond hearing."[38] Whether or not Fernandez affirmatively declined ICE's initial opportunity to provide him a bond hearing does not bear on whether his detention violates the Fifth Amendment; rather, the question is whether he was and continues to

---

[33] *Petition* at 11 (quoting 8 C.F.R. § 236.1).

[34] *Response* at 2.

[35] *Id.* at 2–3.

[36] *Petition* at 11.

[37] *Response* at 2–3; *Notice of Custody Determination.*

[38] *Reply* at 2 (citing *Leon Arias v. Leyva et al.*, 2:26-cv-00812-RJS, 2026 WL 2957987, at *3 (D. Utah Oct. 1, 2026)).

be offered notice of and the opportunity to request a bond hearing. The court finds he was offered both. As Respondents note, Fernandez and his immigration attorney remain free to request a hearing from the EOIR in writing or by phone,[39] yet there is no evidence he has done so.[40] Accordingly, the court concludes his detention does not violate the Due Process Clause.

**CONCLUSION**

For the reasons discussed above, the court DENIES the Petition.[41] The Clerk of Court is directed to close the case.

SO ORDERED this 9th day of October, 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court

---

[39] *Response* at 3; *see* 8 C.F.R.§ 1003.19(b)–(c).

[40] *See generally Reply*.

[41] Dkt. 1.